## Anderson, Assignee, et al. v. City National Bank of Cairo, et al.

### Same v. Same.

(Decided April 17, 1913.)

## Appeals from Ballard Circuit Court.

1. Assignments for Benefit of Creditors—Action by Creditors—Liability of Assignee.—An assignee of a corporation who accepts a trust has no right, without the consent of the corporation's creditors, to turn over to the directors of the corporation the proceeds of the sale of the assigned estate, but is liable to the creditors to the extent of assets which he actually received, or which he, in the exercise of ordinary prudence, should have received, but which he negligently turned over to the directors of the corporation to be applied as they saw fit.

2. Judgment—False Recital—Fraud—Action to Vacate.—A recital in a judgment, though false, and obtained by fraud, affords no ground for vacating the judgment where the judgment would have been valid without such recital.

D. G. PARK for appellants.

J. B. WICKLIFFE for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming on Each Appeal.

In the year 1900 the City National Bank of Cairo, Illinois, obtained a judgment against the Wickliffe Canning Company for $313.97, with interest from July 24, 1910. In the same year the Scudder-Gale Grocer Company obtained a judgment against the Wickliffe Canning Company for the sum of $159.70, with interest from February 10, 1900.

On March 5, 1900, the Wickliffe Canning Company made a general deed of assignment, conveying all of its property to W. A. Anderson in trust for its creditors. Anderson accepted the trust and executed bond, with T. J. Neely and H. Hughes as sureties. In the month of April, 1900, the Wickliffe Canning Company and W. A. Anderson, its assignee, sold and conveyed all the property of the Wickliffe Canning Company to the Wickliffe Packing Company, the consideration being $1,500 in cash and two notes for $750 each, payable in one and two years respectively. Anderson filed in the county court no report of assets and liabilities, and never made any settlement, though the attorney for the City National Bank of Cairo, Illinois, and the Scudder-Gale Grocer Company appeared in that court and moved that he be required to do so. After the lapse of two years from the qualification of Anderson as assignee, the City National Bank of Cairo, Illinois, and the Scudder-Gale Grocer Company brought this action against W. A. Anderson, Assignee, the Wickliffe Canning Company, the Wickliffe Packing

Company, and others, to require said Anderson, as assignee, to settle his accounts and pay out the assigned estate to the creditors of the Wickliffe Canning Company. To this end they asked that the case be referred to the master commissioner, with directions to ascertain the assets and liabilities of the Wickliffe Canning Company, and to settle the accounts of the assignee, and that the assets be distributed among the creditors of the Wickliffe Canning Company. W. A. Anderson, as assignee, demurred to the petition on the ground that the petition did not show that plaintiffs were creditors representing one-fourth of the liabilities of the Wickliffe Canning Company as required by section 96, Kentucky Statutes. Thereupon, plaintiffs amended their petition and alleged that they were all the creditors of the Wickliffe Canning Company whose claims had not been paid, and that they were all the creditors of the Wickliffe Canning Company that held any demands against said company at the time of the bringing of the action. The petition further alleged that said Anderson, as assignee, had assets in his hands belonging to the Wickliffe Canning Company sufficient to pay the demands of the plaintiffs, but that he had failed, neglected and refused to do so, or to make any settlement of the trust estate in his hands. On the 23rd of August, 1904, W. A. Anderson filed an answer denying that there was any property in his possession belonging to the Wickliffe Canning Company. He further alleged that the sale by the Wickliffe Canning Company to the Wickliffe Packing Company was made by the directors of the Wickliffe Canning Company, with the understanding and agreement on the part of said directors, the judge of Ballard County Court and the attorney for the plaintiffs that said assignment should become inoperative and of no effect, and that the business of the Wickliffe Canning Company should from that time be managed by its board of directors, and that the assignee should be released from any further duties and from all liability because of said assignment. He further alleged that the property sold for $3,000, and that this sum, together with a check for $373.71, were turned over to the directors of the Wickliffe Canning Company, and said amounts were controlled and paid out by said directors, and no part of same ever came into the possession of defendant as assignee. The answer further admitted that the judge of the Ballard County Court had not required

defendant to make any settlement of his accounts because said judge had personal knowledge of the agreement that the assignment should become inoperative, and that no assets ever came into the possession of the defendant as assignee. Subsequently, Anderson filed an amended answer, pleading that plaintiffs had not alleged in their petition that they represented one-fourth of the liabilities of the Wickliffe Canning Company, and further denying that all other debts had been paid.

During the progress of the action the case was referred to the master commissioner to report on the assets and liabilities of the Wickliffe Canning Company. The master commissioner filed a report showing three claims, one for $7.10 in favor of J. J. Grace, one for $9.50 for taxes, in favor of the City of Wickliffe, and one for $8.75 in favor of Ruanna Sullivan. To this report no exceptions were filed, and a few days later it was confirmed. Thereafter proof was taken. It appears from one deposition of Anderson that none of the proceeds of the assigned estate came into his hands. He further testified that he did not know whether the two notes aggregating $1,500 had been paid or not. The funds received by the directors of the Wickliffe Canning Company had been paid out to the creditors of that company. In the month of December, 1904, Anderson signed on the margin of the record of the deed from the Wickliffe Canning Company to the Wickliffe Packing Company a release of the deferred payments. In another deposition, Anderson testified that he had gotten the notes executed by the Wickliffe Packing Company to the Wickliffe Canning Company from the directors of the Wickliffe Canning Company. He got them after the action was filed. The notes were then executed and dated back to the date of sale. Anderson further testified that J. B. Wickliffe, attorney for plaintiffs, agreed to the sale. J. B. Wickliffe testified that he appeared in the county court and asked that the county judge require Anderson to settle, but the county court refused to do so. He even refused to entertain the motion. He never at any time agreed with Anderson that the assignment should be annulled or set aside. On final hearing it was adjudged that the City National Bank of Cairo, Illinois, and the Scudder-Gale Grocer Company recover of W. A. Anderson, assignee, the amount of their respective debts, together with interest and costs. It was further adjudged that Anderson, as assignee, had re-

ceived funds belonging to the assigned company sufficient to pay the demands of plaintiffs, and the judgment directed that he pay their demands. The action as to his sureties was dismissed. The judgment, which was entered on August 30, 1910, contains the following recital in the handwriting of the circuit judge who decided the case: "It being agreed by the parties that all other debts of the Wickliffe Canning Company had been paid." From the foregoing judgment the first appeal mentioned in the caption is prosecuted.

On April 7, 1911, the defendant, W. A. Anderson, filed in the same action his petition to vacate the judgment. The petition charges in substance that the foregoing recital in the judgment with reference to its being agreed by the parties that all the other debts of the Wickliffe Canning Company had been paid was false; and that the defendant did not in any manner agree that all the other debts of the Wickliffe Canning Company had been paid, and that no one made the agreement for him. The petition charges that the above recital was recorded by Circuit Judge Sandidge by mistake on his part, and on the part of the circuit clerk, and the fraud of plaintiff's attorney, who falsely and fraudulently represented to the judge that it had been agreed that all other debts had been paid. It is further alleged in the petition that defendant did not discover and could not by ordinary diligence have discovered the existence of the fraudulent record until after the term of court had expired. On this account he was taken completely by surprise and unavoidably prevented from protesting against the fraudulent recital contained in the judgment, and was thereby wrongfully and fraudulently prevented from availing himself of any remedy by appeal from said judgment, and that plaintiffs procured the judgment through their attorney with the fraudulent purpose of cutting off defendant's remedy by appeal. The petition further alleges that defendant, as assignee, never received funds belonging to the Wickliffe Canning Company sufficient to pay the demands referred to in the judgment, and reiterates the statement contained in his original answer to the effect that no property of any kind ever came into his hands. Defendant thereafter amended its petition in certain respects. The City National Bank of Cairo and the Scudder-Gale Grocer Company filed a demurrer to the original petition and to the petition as amended. The

demurrer was sustained and the petition as amended was dismissed. From that judgment the second appeal mentioned in the caption is prosecuted.

We conclude that the evidence fully sustains the original judgment. Anderson, the assignee, accepted the trust. He then became trustee for all the creditors. He had no right, unless the creditors gave their consent, to turn over to the directors of the Wickliffe Canning Company the proceeds resulting from the sale of the assigned estate to the Wickliffe Packing Company, and thus prejudice the rights of the creditors. The mere understanding between him and the directors of the Wickliffe Canning Company and the county court that the assignment was no longer operative did not relieve him from liability,. so far as the creditors of the Canning Company are concerned, to the extent of the assets which he actually received, or which he, in the exercise of ordinary prudence, should have received, but which he negligently turned over to the directors of the Wickliffe Canning Company to be applied as they saw fit. His liability continued until he settled his accounts and distributed the assets and was discharged by order of court. Furthermore, Anderson admitted that he had in his hands the two notes for $750 each, executed by the Wickliffe Packing Company. There is no satisfactory evidence that these notes have been paid. The chancellor properly held, therefore, that he had in his hands sufficient assets to meet the claims of plaintiffs.

The second appeal involves the propriety of the court's action in sustaining the demurrer to the petition to vacate the original judgment in favor of plaintiffs. The basis of this action is that the recital in the judgment to the effect that it was agreed by the parties that all the other debts of the Wickliffe Canning Company had been paid was false, and that the false recital was made by the circuit judge by mistake, brought about by fraudulent representations made to him by plaintiffs' attorney. The alleged false recital, it is claimed, is material because made for the purpose of overcoming the necessity of showing that plaintiffs were creditors representing one-fourth of the liabilities of the assigned estate. It appears from the record that plaintiffs alleged in their amended petition that all the other debts had been paid. This allegation was denied by answer. The master commissioner's report of liabilities shows only three claims,

amounting in all to $25.55. No exceptions were ever filed to this report, and it was confirmed by the court. During the eight years that the suit was thereafter pending, no additional claims were ever filed against the assigned estate. The record, therefore, discloses that plaintiffs were creditors representing not only one-fourth of the liabilities of the assigned estate, but all the liabilities with the exception of the small sum of $25.55. That being true, it is immaterial whether all the other debts besides those of plaintiffs had been paid or not, and the recital in the judgment has no material bearing on the case. Therefore, even if false and obtained by fraud, it affords no ground for vacating the judgment, which would have been valid had no such recital been made therein.

The judgment in each case is affirmed.